# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-00391-COA

**MELVIN GRAYER**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

DATE OF JUDGMENT:                    01/29/2018
TRIAL JUDGE:                                  HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:    HARRISON COUNTY CIRCUIT COURT,
                                                       FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:          OFFICE OF STATE PUBLIC DEFENDER
                                                       BY: HUNTER NOLAN AIKENS
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                                       BY: KAYLYN HAVRILLA McCLINTON
DISTRICT ATTORNEY:                     JOEL SMITH
NATURE OF THE CASE:                   CRIMINAL - FELONY
DISPOSITION:                               REVERSED AND REMANDED - 08/06/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE BARNES, C.J., GREENLEE, TINDELL AND McCARTY, JJ.

## McCARTY, J., FOR THE COURT:

¶1.     After his first trial ended in a mistrial, Melvin Grayer was convicted of burglary, and ultimately sentenced as a habitual offender to serve fourteen years in the custody of the Mississippi Department of Corrections. Because the court refused to give a jury instruction on the lesser-included offense of trespass, we reverse and remand for a new trial.

## FACTS

¶2.     Predawn on a spring day in 2017, Officer Victor Moreno and Officer Zachary Couey of the Gulfport Police Department responded to an alarm call at the Tabernacle Faith

Ministries Church in Gulfport. Officer Moreno's body camera recorded his arrival and what happened afterward. Both officers noticed a broken window on the south side of the church with its screen on the ground nearby. They entered the church through an unlocked door located near the broken window. Officer Moreno noticed that an alarm panel and a thermostat had been ripped from the wall.

¶3. Entering a kitchen area, Officer Moreno saw a man face down on the floor. The man's hands were underneath his body, and a flashlight was resting on the floor beside him. The officers demanded he identify himself. The man was unresponsive. The situation quickly escalated with the officers using a burst of shouted profanity. Still, the man remained face down. The officers cautiously approached him, cuffed his hands behind his back, and the man identified himself as Melvin Grayer. Officer Moreno searched him, finding an odd assortment of objects—an identification card, multiple rolls of masking tape, batteries, a jersey, and a bottle of liquid.

¶4. Officer Moreno continued to search the church and noticed a room that looked as if it had been ransacked—drawers were pulled out, items were on the floor, and another alarm had been pulled from the wall. By this time, Pastor Anthony Thompson had arrived at the church. The pastor testified that the room with the drawers pulled out was the usher's room and contained church supplies. The pastor indicated that the items usually contained in these drawers were not necessarily missing but just not where they belonged. The pastor explained that he had closed everything up before securing the church the night before.

¶5. Officer Couey questioned Grayer, who denied that he was committing a burglary.

Instead, Grayer told the officer that he had seen a man he knew named Larry Smith break the window of the church and then run away. Grayer admitted that he did go through the broken window into the church but that he only did it so he could have a place to sleep. Later, the officer would come to believe that the "Larry Smith," who Grayer saw, was actually an alias Grayer used for himself.

## DISCUSSION

### I. Trespass Instruction

¶6. Grayer argues that the trial court erred by refusing jury instruction D-8, which was a lesser-included-offense instruction on trespass. We agree.

¶7. A defendant is entitled to a lesser-included-offense instruction if there is an evidentiary basis in the record "even though the evidence that supports it is weak, inconsistent, or of doubtful credibility." *Barnes v. State*, 158 So. 3d 1127, 1136 (¶33) (Miss. 2015). Furthermore, the evidence in a particular case generally warrants granting a lesser-included-offense instruction if a rational or reasonable jury could find the defendant not guilty of at least one element of the principal offense charged in the indictment yet guilty of the lesser-included offense. We view the evidence in the light most favorable to the defendant and consider all reasonable inferences in favor of the defendant. *Pierce v. State*, 107 So. 3d 1011, 1014 (¶11) (Miss. Ct. App. 2012). Our standard of review "for a claim that a defendant was entitled to a lesser-included-offense instruction is de novo, as this is a question of law." *Id.*

¶8. Trespass is a lesser-included offense to every burglary. *Jackson v. State*, 90 So. 3d

3

597, 606 (¶35) (Miss. 2012); *but see Eldridge v. State*, 232 So. 3d 767, 769-70 (¶¶9-11) (Miss. Ct. App. 2017) (explaining the need for factual support for a trespass jury instruction). Accordingly, if a rational or reasonable jury could have found Grayer not guilty of burglary yet guilty of trespass, then the trespass instruction should have been given. *Id.*

¶9.     Considering all reasonable inferences in Grayer's favor, we find that he presented a viable alternative explanation of his presence in the church. Grayer told Officer Couey that he witnessed another man break the window of the church before fleeing, after which Grayer entered the church to sleep. The factual and legal interrelation between the two crimes was also well understood by the State. During trial, another detective testified that a prior conviction of Grayer for burglary supported the decision to charge Grayer with burglary, rather than the lesser crime of trespass. Ultimately, whether the defendant entered the church to sleep or to steal is a question only a jury can answer. Grayer is entitled to the lesser included instruction.

¶10.     The dissent argues that the evidence of Grayer's intent to steal was clear because "Grayer rummaged through and opened drawers" and "[i]tems discarded by Grayer were thrown about the church." But even though Grayer had a series of odd items on his person, there was no evidence that these items belonged to the church or that Grayer himself rummaged through the drawers. Furthermore, unlike the defendant in *Jackson*, Grayer's theory of defense was that he trespassed on church property in order to sleep. Grayer presented a defense that he was not the person who broke into the church. The jury may reject Grayer's theory of defense and ultimately decide that he was committing burglary, but

4

that is not our concern. Our concern is simply that Grayer receive a fair trial, which includes allowing the jury to be instructed on his theory of defense.

¶11. The trial court also refused to give the instruction for another reason—it did not accurately reflect the elements of trespassing. But the instruction tracks the language of Mississippi Code Annotated section 99-17-87(1) (Rev. 2014), which states that trespass is the "willful or malicious" intrusion "upon the real property of another." Instruction D-8 states:

> The Court instructs the jury that if you find from the evidence that the State has failed to prove beyond a reasonable doubt any element of the crime of Burglary then you may consider the lesser charge of Trespass.
>
> If you are convinced from the evidence beyond a reasonable doubt that:
>      1) On or about May 25, 2017, in the First Judicial District of
>      Harrison County, Mississippi,
>      2) MELVIN GRAYER unlawfully and willfully
>      3) [t]respassed on the real or personal property of another,
> then you shall find MELVIN GRAYER "Guilty" of willful Trespass.

¶12. Grayer was entitled to have his theory of the case—even if highly unlikely—submitted to the jury under proper instruction of the court. Denial of this fundamental right is grounds for reversal.

## II.     Pro Se Issues Raised in Supplemental Brief

¶13. Grayer raises several issues in a supplemental brief: (1) the indictment was defective; (2) the trial court erred in admitting the recording from Officer Moreno's body camera; (3) evidence of his prior conviction for burglary was inadmissible; (4) his habitual-offender status was not proven; (5) he was entitled to a bifurcated sentencing hearing; and (6) the trial court erred in denying his motions for a directed verdict and a judgment notwithstanding the

5

verdict.

¶14. Since we are reversing and remanding for a new trial, most of these issues are moot. However, we will briefly address the issues regarding the indictment, Grayer's habitual-offender status, and the admission of his prior burglary conviction.

¶15. Grayer argues that his indictment was defective because it did not include the length of incarceration for each prior conviction. Grayer is mistaken; the indictment does include this information. Grayer also argues that his habitual-offender status was not proven. Grayer is again mistaken; during the sentencing hearing the State submitted a "pen pack" into evidence, and it contained information about his prior convictions.

¶16. Grayer further contends that the trial court erred in allowing Detective Crump to testify about his 2012 burglary conviction. Before his first trial, Grayer had filed a motion in limine to exclude evidence of any prior convictions. Grayer implies that the trial court granted his motion, arguing that "despite the ruling on the motion in limine, the State continually elicited inadmissible testimony." But during the second trial, the trial court indicated that it had denied the motion. Referencing its prior ruling, the trial court stated that Detective Crump could testify about the conviction "as it related to the issue of intent and her formulation in her mind to charge Grayer with a burglary." We do not have the record of the first trial, so we do not know if the trial court conducted the proper admissibility tests under Mississippi Rules of Evidence 403 and 404(b). If this issue arises during retrial, then the trial court should make it findings clear.

**CONCLUSION**

¶17. Because the defendant should have been allowed to instruct the jury on his theory of the case, which was the lesser-included-offense instruction of trespass, he is entitled to a new trial.

¶18. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL AND McDONALD, JJ., CONCUR. LAWRENCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY J. WILSON, P.J., AND C. WILSON, J.**

**LAWRENCE, J., DISSENTING:**

¶19. I respectfully dissent from the reversal of the jury's verdict, which found Grayer guilty for the burglary of the Tabernacle Faith Ministries Church. Because there was ample evidence of Grayer's intent to steal therein, along with evidence of a breaking and entering, I would find that the trial judge was correct in denying a lesser-included trespass instruction and would affirm the verdict of the jury.

¶20. In *Jackson v. State*, 90 So. 3d 597, 604 (¶30) (Miss. 2012), the Mississippi Supreme Court affirmed a burglary conviction when the trial court in that case refused a lesser-included trespass instruction. The facts in *Jackson* are very similar to the facts in this case. In *Jackson*, a Hinds County Sheriff's Department Deputy testified that he arrived at the location of the alleged burglary and inspected the home in question. *Id.* at 600 (¶6). The door to the home had been "kicked in," and the deputy saw a footprint on one of the doors to the home. *Id.* Another door had actually been broken open. *Id.* Upon entering the home, the deputy notice that several drawers had been pulled out and personal property was scattered around the home. *Id.* The Mississippi Supreme Court found that the jury had

7

"every right to make the logical inference that Jackson broke and entered the [home] and guest house with the intent to commit burglary." *Id*. at 604 (¶30). Important to the issue of affirming the denial of a lesser-included trespass instruction, was the fact that Jackson did not know the victims. *Id*. at 607 (¶38). The court found that "no reasonable jury would have found that Jackson's sole crime was trespass without the intent to commit larceny." *Id*. at 607 (¶40). In *Jackson*, the combination of not knowing the victim, clear evidence of a breaking and entering, and clear evidence of the intent to steal therein created a unique situation where the denial of a lesser-included trespass instruction was affirmed.[1] *Id*. at 608 (¶42).

¶21.    The evidence in this case is remarkably similar to the evidence in *Jackson*. The window to the church had been broken from the outside—evidenced by the glass found on the inside of the church. Additionally, two alarm panels had been ripped from the walls and numerous drawers were open and ransacked. Items discarded by Grayer were thrown about the church. Grayer was found by the police inside the church. As in *Jackson*, there was clear evidence of a breaking and entering through the broken window, along with discernible evidence of intent to steal the personal property therein. That Grayer did not have permission

---

[1] This Court has affirmed the logic in *Jackson*, and found that detailed evidence of breaking accompanied with "rummaging through the victim's effects," was more than enough to question "whether the evidence was so clear that no reasonable juror could have accepted the defendant's theory [ . . . ]." *Eldridge v. State*, 232 So. 3d 767, 770 (¶10) (Miss. Ct. App. 2017). Specifically, we relied on the supreme court's finding in *Jackson* that, "the inference ordinarily to be drawn from a defendant's unexpected breaking and entering into the home of another person unknown to him, followed by his rummaging through the victim's effects and fleeing upon discovery, is that the defendant had the intent to commit larceny." *Jackson*, 90 So. 3d at 605 (¶34). In Grayer's case, the trial court relied on those words from the Mississippi Supreme Court.

8

to be in the church, or that he knew no members of the church, was not in dispute. This, coupled with evidence that Grayer rummaged through and opened drawers, and displaced personal property of someone he did not know proved his intent to steal. If there is evidence of a breaking and entering and an intent to steal, then, by definition, it cannot be a trespass. Miss. Code Ann. §97-17-33 (Rev. 2014).

¶22. The trial court found all of the essential elements of burglary of the church had been proven, and no set of facts could allow a reasonable jury to find the defendant not guilty of burglary and guilty of the lesser-included trespass. The evidence of rummaging through the drawers of the Church proved his intent to steal—not sleep as he told the officers who found him. In other words, the evidence before the jury was that Grayer's intent, once he broke into and entered the church, was to look for and steal the personal property therein and not to just to find a place to sleep. If it were to sleep, then the drawers of the church would not have been rummaged through.

¶23. The trial court went into detail in its ruling to refuse the proposed lesser-included trespass instruction:

> The court is persuaded here that similarly to *Jackson*, there's been an unexplained breaking and entering by the accused, who is unknown to the victim, followed by a rummaging through his personal, or business, or church effects, which some of which were found at or near the person of the defendant when he was confronted by law enforcement. The inference that Mr. Grayer was merely a trespasser without other criminal intent is not reasonable under these facts.

The court, taking the evidence in the light most favorable to Grayer, determined that no reasonable jury could find he was guilty of only the lesser-included offense of trespass.

9

¶24. Further, in *Jackson*, the supreme court held that a "trial court has considerable discretion when instructing the jury." *Id*. 90 So. 3d at 606 (¶34) (citing *Utz v. Running & Rolling Tucking Inc.*, 32 So. 3d 450, 474 (¶78) (Miss. 2010)). If we give trial courts "considerable discretion" to decide which instructions are warranted by the testimony which they have heard, those decisions should be affirmed except when the court abused its discretion or misapplied the law. Here, we have neither. The court articulated exactly why the facts and the law aligned this case with *Jackson* in explaining the decision to deny a lesser-included trespass instruction.

¶25. Accordingly, I would find that the trial judge's determination to refuse the lesser-included instruction of trespass was consistent with the Supreme Court's holding in *Jackson*, and the evidence in this case. Under these specific facts, denying a lesser-included instruction of trespass was not an abuse of discretion. Therefore, I respectfully dissent.

**J. WILSON, P.J., AND C. WILSON, J., JOIN THIS OPINION.**